IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WARD T. EVANS, | : | |
| | : | |
| Petitioner, | : | C. A. No. K16M-04-017 JJC |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| COMMISSIONER ROBERT COUPE, | : | |
| | : | |
| Respondent. | : | |

## **ORDER**

On this 20th day of April, 2016, after considering Petitioner' Ward T. Evans (hereinafter "Evans")'s Petition for a writ of mandamus, it appears that:

1. Petitioner Ward T. Evans (hereinafter "Evans") petitions the Court for leave to file a petition *in forma pauperis* and for a writ of mandamus compelling Commissioner Robert Coupe (hereinafter "Commissioner") to apply good behavior credits and merit credits that would provide for his immediate release. Evans claims in his petition are identical to those previously rejected by the Delaware Supreme Court in *Evans v. State*[1], and the United States District Court for the District of Delaware in *Evans v. Phelps*[2]. After a review by the Court pursuant to 10 *Del. C.* § 8803(b), Ward's petition for leave to file *in forma pauperis* is denied and Evans' petition is dismissed as legally frivolous.

2. Pursuant to 10 *Del. C.* § 8803, before approval of an *in forma pauperis* application, the Court must initially review the complaint or petition to determine

---

[1] 872 A.2d 539 (Del. 2005).

[2] 722 F.Supp.2d 523 (D. Del. 2010).

whether it is legally or factually frivolous or malicious.[3]  If a *pro se* litigant, "acting with due diligence, should have found well settled law disposing of the issue(s) raised", then the petition shall be dismissed[4]  A claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, not worthy of serious attention or trivial."[5] A claim is legally frivolous where it is "based on an indisputably meritless legal theory."[6]

3. Evans' petition seeks a writ of mandamus compelling the Commissioner to release him after calculating good time credits as Evans feels appropriate.  A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty.[7] The issuance of a writ is within the Court's discretion; it is not a matter of right.[8] Before a writ is issued, "the Petitioner must demonstrate that: he [or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[9] A nondiscretionary or ministerial duty must be "prescribed with such precision and certainty that nothing is

---

[3] 10 *Del. C.* § 8803(b).

[4] *Id.*

[5] 10 *Del. C.* § 8801(4).

[6] *Desmond v. Phelps*, 2011 WL 7144241, at *2 (Del. Super. Nov. 4, 2011) (citing 10 *Del. C.* § 8801(7)).

[7] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015).

[8] *Shah v. Coupe*, 2014 WL 5712617, at *1 (Del.  Super. Nov.3, 2014).

[9] *Nicholson v. Taylor*, 882 A.2d 762(TABLE), 2005 WL 2475736, at *2  (Del.  Aug. 23, 2005).

left to discretion or judgment."[10] If the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists, then the Petitioner is not entitled to a writ of mandamus.[11]

4. Evans sentence for a 1982 Rape in the First Degree conviction was life with the possibility of parole.[12] He claims that he is eligible for early release from his life sentence based upon "good behavior and merit good time credits that reduce my time of confinement."

5. Evans raises the same issue in this petition that he raised before the Delaware Supreme Court in *Evans v. State* ("*Evans II*"). The Supreme Court rejected his argument in holding that "Evans' release date was death, unless he was granted parole."[13] In so holding, it rejected application of credits providing for his conditional release before that time. The statutory Pre-TIS sentencing system applicable to Evans does not permit Evans release prior to his death unless parole is granted.[14] In his case, since he was sentenced in 1982, any accumulated good-time credits are applicable only to computation of his eligibility for parole. Since he is already eligible for consideration for parole and there is no applicability of these credits to anything other than his parole eligibility, his claim is without merit. In the context of a federal Habeas Corpus petition, the District Court for the District of Delaware likewise held that Evans

---

[10] *Brittingham v. Town of Georgetown,* 113 A.3d 519, 524 (Del. 2015)(citation omitted).

[11] *Pinkston v. DOC*, 2013 WL 6439360, at *1(Del. Super. Dec. 4, 2013).

[12] *Evans*, 872 A.2d at 542.

[13] *Id.* at 558.

[14] *Id.*

3

"never had a right to automatic or conditional release" as he again alleges in this case.[15]

6. Here, Evans renewed claim is legally frivolous. Even though he filed the matter *pro se*, he should recognize the well settled law disposing of this issue since he has repeatedly raised it unsuccessfully. Accordingly, pursuant to 10 *Del. C.* § 8803(b), Evans petition must be dismissed with prejudice.

WHEREFORE, for the aforementioned reasons, Evans application to proceed *in forma pauperis* is DENIED. Likewise, his petition for a writ of mandamus is DISMISSED with prejudice.

**IT IS SO ORDERED**

<u>/s/Jeffrey J Clark</u>
Judge

---

[15] *See Evans v. Phelps*, 722 F. Supp. 2d 523, 530-31 (D.Del. 2010)(holding that the Delaware Supreme Court's denial of this request "was not contrary to, nor an unreasonable application of, clearly established Federal law" and accordingly dismissed Evans' petition).